**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 03-383-JBC**

**KIMBERLY MCCOY, as Administrator**
**of the Estate of Jerry Lee Roberts,**                                     **PLAINTIFF,**

**V.**                                     **MEMORANDUM OPINION & ORDER**

**FEDERAL BUREAU OF PRISONS,**                                     **DEFENDANT.**

**＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊ ＊**

This matter is before the court on the motion of the plaintiff, Kimberly McCoy, for attorney's fees and costs associated with pursuit of this Freedom of Information Act (FOIA) action. The defendant, the Federal Bureau of Prisons ("BOP"), objects to the plaintiff's motion. The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion and will award fees and costs in the amount of $12,992.25, conditional upon the plaintiff filing an affidavit as set forth in this order.

**I.     Factual Background**

After the death of Jerry Roberts while he was in custody at the Federal Medical Center located in Fayette County, Kentucky, the plaintiff filed a FOIA request with the BOP to obtain information regarding his medical care and the circumstances surrounding his death. Pursuant to this request, the BOP released 553 pages of documents in their entirety and 41 pages after redacting documents to exclude "exempted" material. The BOP also withheld 46 entire pages. Subsequently, the BOP

released 8 additional pages.  The plaintiff filed this action seeking the release of the withheld and redacted documents.  Upon the defendant's motion for dismissal and the plaintiff's motion for an *in camera* review, this court ordered the defendant to produce certain documents for review and provide further explanation about other documents. After conducting an *in camera* review and evaluating the BOP's additional explanation about the documents, the court ordered that three items, the seven redacted inmate affidavits, the handwritten inmate notes, and the Maxell Camcorder videocassette, be provided to the plaintiff.  With regard to the other items, the court granted the defendant's motion to dismiss.  The plaintiff has filed this motion to obtain attorney's fees and costs pursuant to the FOIA's fee-shifting provision.

II.    **Analysis**

The Congressional policy behind the FOIA is to encourage public access to government information and to enable individual citizens to pursue their statutory rights by eliminating administrative barriers that could only be hurdled through expensive litigation."  *Seegull Mfg. Co. v. N.L.R.B.*, 741 F.2d 882, 886 n.1 (6th Cir. 1984).

In determining whether to grant attorney fees under the FOIA, courts apply a two-part test.  *GMRI v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998).  First, the court must determine whether a plaintiff "substantially prevailed" and is thus eligible to receive them.  Second, the court must determine whether she is entitled to such an award.  *Id.*  In this case, the plaintiff is eligible and entitled to receive fees and costs

associated with her FOIA claim.

**A.     Eligibility to Receive Attorney's Fees and Costs**

The plaintiff is eligible to receive fees and costs if she "substantially prevailed" in the litigation.  To "substantially prevail" a party must have obtained a "judicially sanctioned change in the legal relationship of the parties."  *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598 (2001).  "[A]n award of attorney's fees is appropriate where a plaintiff has obtained an 'enforceable judgment[ ] on the merits' or a 'court-ordered consent decree.'" *Chambers v. Ohio Dep't of Human Servs.*, 273 F.3d 690, 692 (6th Cir. 2001).  Here, the plaintiff was successful on a portion of her FOIA claim.  There is an "enforceable judgment on the merits" in her favor with regard to production of the seven inmate affidavits with redactions, the handwritten inmate notes, and the Maxell Camcorder videocassette, but not as to the rest of her FOIA requests.  Thus, the plaintiff is eligible to receive fees and costs.

**B.     Entitlement to Receive Attorney's Fees and Costs**

In determining whether the plaintiff should be awarded fees and costs, the court must consider at least the following factors: (1) "the benefit to the public deriving from the case; (2) the commercial benefit to the complainant and the nature of its interests in the records; and (3) whether the agency's withholding had a reasonable basis in law." *Detroit Free Press, Inc. v. Dep't of Justice*, 73 F.3d 93, 98 (6th Cir. 1996) (quoting *Am. Commercial Barge Lines Co. v. N.L.R.B.*, 758 F.2d 1109, 1111 (6th Cir.

3

1985)).

The first factor weighs heavily in favor of awarding fees and costs.  This case provided benefit to the public.  "The public has a unique interest in the enforcement and vindication of the FOIA.  Each time an agency disregards its obligation to diligently answer and provide information in response to FOIA requests, the public is harmed." *Dixie Fuel Co. v. Callahan*, 136 F. Supp. 2d 659, 664 (E.D. Ky. 2001).  Furthermore, this litigation concerns the release of information regarding the death of an inmate in the custody of the BOP.  As noted in a previous order in this case, the public has an interest in ensuring that the  BOP fulfills its statutory duty to safeguard the well-being of individuals in its custody and that the BOP is held accountable for fulfilling that duty.

The second factor, whether the plaintiff stood to potentially gain from this FOIA request, weighs neither in favor of nor against the plaintiff.  The plaintiff had a private commercial interest to litigate her FOIA demand because the information that she obtained in her FOIA request was for the direct benefit of her civil action in which she hopes to profit from the information.  There is, however, no guarantee that she will profit from this information or that the information obtained supports the claims in her case.  Therefore, this factor has no effect on whether the plaintiff should be awarded fees.

The final factor, whether the BOP had a reasonable basis in law for withholding the requested documents, weighs in favor of granting an award of fees and costs.

4

This factor "seeks to discourage obdurate behavior on the part of the government and weed out those cases where the government was recalcitrant in its opposition to plaintiff's FOIA request." *Piper v. Dep't of Justice*, 339 F. Supp. 2d 13, 22 (D.D.C. 2004). The BOP's withholding did not have a reasonable basis in law. While the duty to withhold certain identifying information about prisoners is supported by case law, withholding the information in its entirety was not necessary. The BOP could have easily redacted the documents to exclude information, which is what this court ultimately ordered. It was unreasonable for the defendant to believe that it had a legitimate legal basis to withhold the documents and video in the manner in which it did.

On balance, the factors weigh in favor of awarding fees to the plaintiff. The only factor that possibly can be construed to weigh against the plaintiff is her personal interest in obtaining the information to use as evidence in another lawsuit. This factor is not determinative especially given the fact that such commercial interest pales when compared to the plaintiff's personal interest in the well-being of Jerry Roberts while he was in prison. Since the public interest is great and the government did not have a legitimate basis for withholding the information that the plaintiff ultimately obtained, fees should be granted.

## C.    Reasonableness of Fees

A FOIA litigant entitled to fees and costs may recover only those incurred in litigation. *Playboy Enters., Inc. v. U.S. Customs Servs.*, 959 F. Supp. 11, 16 (D.D.C.

1997).  The reasonableness of a fee request mut be evaluated in light of the results obtained.  *Riverside v. Rivera*, 477 U.S. 561, 572 (1986).  Such fees and costs must be reasonable and should not be awarded for excessive, redundant, or otherwise unnecessary work.  *Hensley v. Eckerhart*, 461 U.S. 424, 434-40 (1983).  Nor should fees be granted that are distinct in all respects from successful claims.  *Id.* at 434. The fee amount is calculated using the lodestar method – multiplying the number of hours reasonably expended by a reasonable hourly rate.  Here,  the court finds that plaintiff's counsel's billing rate of $200 is not excessive; however, the amount of hours for which compensation is requested is unreasonable for an experienced attorney billing at that rate and must be reduced.

1.    *Hourly Rate*

        The defendant objected to the plaintiff's counsel's $200/hour rate because the plaintiff did not submit affidavits from other attorneys regarding its reasonableness. The defendant did not object to the rate of $75.00 per hour for a paralegal. Submitting affidavits is the best way to establish the reasonableness of a rate.  The court is then in "the best position to evaluate the reasonableness of the fees request, both in terms of number of hours spent and a reasonable hourly rate of compensation." *Louisville Black Police Officers Organization, Inc. v. Louisville*, 700 F.2d 268, 274 (6th Cir. 1983).

        The court is generally familiar with the range of hourly rates in the local market and is able to evaluate the reasonableness of this request and has been able to

6

evaluate the skills and performance of the plaintiff's counsel.  The court concludes that

$200 an hour is a reasonable hourly rate for the plaintiff's counsel and $75.00 per

hour is a reasonable rate for a paralegal in the relevant market conditional, however,

upon the submission of one or more affidavits from area attorneys who are

experienced in and familiar with reasonable hourly rates in similar cases.

*2.    Number of Hours*

The plaintiff submitted a detailed, itemized fee petition and requests

compensation for 92.4 attorney hours and 8.45 paralegal hours.[1]  Since some of the

hours appear to be duplicative, unnecessary to the outcome of the case, and excessive

for an experienced attorney, reduction is appropriate as set out below:

- The 3.7 hours  from January 10, 2003, through February 20, 2003, were spent

  investigating the prisoner's death (presumably for the plaintiff's other case) and

  on administrative matters such as learning about copying costs and receiving

  payment from the plaintiff for those copies.  The plaintiff should not receive

  fees for these activities because they are unrelated to the plaintiff's FOIA claims

  and are for work at the administrative stage.  *Associated Gen. Contractors v.

  E.P.A.*, 488 F. Supp. 861, 864 (D. Nev. 1980).

- The plaintiff cannot recover for 2.5 hours spent reviewing the jail records on

  March 7, 2003.  This time was spent reviewing what the defendant produced

---

[1] In his records, the plaintiff's counsel did not identify several of the people
with whom he had telephone conversations and often did not specify the topic of
his research.  The court finds that the reduction for excessive time resolves these
deficiencies.

in response to the plaintiff's initial request for documents in her other case. This review took place prior to the plaintiff filing her complaint or pursuing an appeal and was preliminary to this FOIA action.

- The plaintiff admits that recovering for the 5 hours from March 10, 2003, is inappropriate.

- The 25.2 attorney hours and 4.95 paralegal hours spent from March 11, 2003, through July 11, 2003, on the plaintiff's FOIA appeal are recoverable even though it was prior to the plaintiff filing her complaint because the appeal was necessary to exhaust administrative remedies.

- Of the 30.7 hours from August 26, 2003, through November 4, 2003, spent researching and drafting the FOIA complaint and the motion for FOIA order and reviewing the documents produced, only some are recoverable.   For an experienced attorney, over 30 hours is excessive by approximately one-third. The plaintiff may recover for 20 hours of this time.

- The plaintiff may recover only a portion of the 28.3 hours spent from November 6, 2003, through July 27, 2004, on the motion for *in camera* review because over 28 hours is excessive for an experienced attorney, especially since the previous motion involved the same case law and issues.   The plaintiff may recover for only 15 hours.

- The plaintiff may recover for the 1.5 hours that the plaintiff's counsel spent reviewing entitlement to fees and drafting the related motion and for the 2

8

hours that the paralegal spent researching the issue on September 20, 2004.

In total, the plaintiff may recover for 61.7 hours of her counsel's time and for 6.95 of the paralegal's time because these hours are reasonable and were related to her FOIA action.

3.      *Costs*

The plaintiff requests costs in the amount of $131.00, covering court and copying costs. The defendant does not object. FOIA permits an award for "litigation costs reasonably incurred." 5 U.S.C. § 552(a)(4)(E). The plaintiff's request is for reasonable and appropriate costs and should be granted in the amount requested.

The plaintiff is eligible and entitled to receive fees at $200 per hour for 61.7 hours expended by the plaintiff's counsel in the amount of $12,340 and to fees at $75.00 per hour for 6.95 hours expended by the paralegal in the amount of $521.25, plus costs in the amount of $131.00. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for attorney's fees and costs is **CONDITIONALLY GRANTED**. The plaintiff is awarded attorney's fees and costs in the total amount of $12,992.25, subject to the affidavit of at least one other experienced attorney verifying the reasonableness of the rate.

**IT IS FURTHER ORDERED** that the fee affidavit shall be filed within fifteen (15) days of the date of entry of this order. If the affidavit supports $200 as a reasonable local hourly rate, the defendant shall pay the fees and costs awarded by this order no later than September 15, 2005. If not, the defendant may file an appropriate motion

9

to reconsider no later than September 15, 2005.  If no such motion is filed by that date, the court will dismiss this action as having been resolved.

Signed on August 16, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

10